**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2689
_____

JOHN W. FINK,
                    Appellant

v.

JONATHAN L. BISHOP; KAYDON A. STANZIONE; JOSEPH M. TROUPE.; GE
BETZ, INC.; STEVEN W. DAVIS; PRAXIS TECHNOLOGIES CORPORATION;
PRAXIS TECHNOLOGIES, INC.; ADT SECURITY SERVICES, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:13-cv-03370)
District Judge: Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2016

Before: JORDAN, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 18, 2016 )
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

John W. Fink appeals pro se from the District Court's dismissal of his first amended complaint and denial of leave to file a second amended complaint. For the reasons that follow, we will affirm the District Court's judgment.[1]

Fink has filed a series of cases against numerous defendants in an effort to recover money owed to him arising out of his role as a financial consultant for Advanced Logic Systems, Inc. ("ALSI"). Although these litigation efforts have a long and tortuous history, the following partial summary suffices to set out the essential details of the origin of this dispute. Fink loaned ALSI about $830,000 in exchange for stock purchase options. ALSI's business and financial condition deteriorated thereafter, and Fink eventually sued ALSI and its founder Kaydon Stanzione in New Jersey state court. The parties entered into a settlement agreement regarding some of the state-court claims, according to which ALSI would pay Fink about $1,000,000. After ALSI had paid Fink only about $524,000 of that sum, it sought federal bankruptcy protection.

Fink then brought an action ("the EdgeLink litigation") in the District Court, which precedes the case on appeal here, alleging that Stanzione and other parties had concealed and converted ALSI assets in order to avoid paying Fink the full amount he was owed. See Fink v. EdgeLink, Inc., et al.; No. 1:09–cv–05078, 2012 WL 1044312 (D.N.J. Mar. 27, 2012). Fink also sought to reopen ALSI's bankruptcy on similar grounds in a bankruptcy appeal before the District Court. See In re Advanced Logic Sys.,

_____

[1] Fink's motion before this Court to file an amended brief is granted. Along with Fink's other filings, we have considered Fink's amended brief in reaching our decision.

2

Inc., No. 1:12–cv–04479, 2013 WL 1222682, D.N.J. Mar. 25, 2013).  We affirmed the District Court's decision granting summary judgment against Fink and denying the appeal to reopen the ALSI bankruptcy.  See Fink v. EdgeLink, Inc., 553 F. App'x 189 (3d Cir. 2014) (C.A. Nos. 12–2229 and 13–2100).[2]  The upshot of that decision was that the District Court did not err in concluding that there was no genuine issue of material fact that EdgeLink, Inc. (a new company that Stanzione founded) was not a successor to ALSI, and that no valuable ALSI assets were concealed or converted.  Relatedly, we held that the District Court was correct to conclude that the Bankruptcy Court did not abuse its discretion in declining to reopen the ALSI bankruptcy; as we stated in that opinion, Fink's allegations of hidden assets were "entirely speculative" and there was no indication that any information about ALSI's business activities was hidden from the bankruptcy trustee.  Id. at 195-96.

In the matter now on appeal here, Fink returned to the District Court and filed a new action alleging that the appellees here caused Fink to lose the EdgeLink litigation when they concealed or refused to provide Fink with evidence that would have shown that ALSI assets had been concealed and converted.  With the assistance of counsel, Fink filed an amended complaint that the defendants moved to dismiss.  Through counsel, Fink then filed a brief opposing dismissal and a cross motion seeking leave to file a second amended complaint.

---

[2] Our opinion in that appeal provides additional detail on the background underlying this case.  As we write primarily for the parties, we do not repeat those details here.

3

The District Court issued an order to show cause why the case should be allowed to proceed. In its order, the District Court observed that the factual allegations in the second amended complaint were "virtually identical" to those set out in the first amended complaint, and that the claims all reflected the previously-litigated issue of the concealed and fraudulent conversion of ALSI assets. The District Court allowed Fink—who at this point was proceeding pro se after his lawyer had withdrawn from the representation—to argue against dismissal and in favor of amendment during an extensive hearing. The District Court also allowed Fink to file an additional reply brief setting out further argument in support of his pleadings.

The District Court then concluded that res judicata barred Fink's claims, that he had not adequately pleaded any fraudulent concealment of evidence against any defendant, and that he had not provided any new facts to justify re-litigating any of these matters. The District Court denied leave to amend and dismissed the case with prejudice. This appeal followed.

We have jurisdiction to review the District Court's order dismissing Fink's amended complaint under 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant a Rule 12(b)(6) motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). To withstand a Rule

4

12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm the District Court's judgment on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court did not err in concluding that res judicata barred Fink's purportedly new fraudulent concealment claims and the other claims in his complaint that arose from that purported concealment. Res judicata encompasses two preclusion concepts—issue preclusion, which forecloses litigation of a litigated and decided matter (often referred to as collateral estoppel), and claim preclusion, which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81-83 (1984); Nevada v. United States, 463 U.S. 110, 130 (1983) ("res judicata provides that when a final judgment has been entered on the merits of a case, '[i]t is a finality as to the claim or demand in controversy . . ., not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose'") (citation omitted).

Issue preclusion prevents a party who litigated an issue previously from rearguing that particular issue in a subsequent proceeding. See Szehinskyj v. Att'y Gen., 432 F.3d 253, 255 (3d Cir. 2005). "The prerequisites for the application of issue preclusion are satisfied when: (1) the issue sought to be precluded [is] the same as that involved in the

5

prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." Peloro v. United States, 488 F.3d 163, 174-75 (3d Cir. 2007); accord Del. River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 573 (3d Cir. 2002) (describing New Jersey's five-pronged test for issue preclusion); Hernandez v. Region Nine Hous. Corp., 684 A.2d 1385, 1392 (N.J. 1996) (quoting Restatement (Second) of Judgments § 27 at 250 (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.").

Based on our review of Fink's first amended complaint, second amended complaint, and the opinions in the EdgeLink litigation, we are confident that Fink is attempting to re-litigate issues that were already decided. Although Fink has added new parties, and some claims may be legally distinct in this case, the key issues underlying those claims are not. The factual allegations in both complaints are based entirely on matters that occurred leading up to and during the EdgeLink litigation, all of which the District Court had before it when it granted summary judgment in favor of the defendants in that case.[3] The District Court held that there was no genuine issue of material fact as

---

[3] Fink bases many of the facts that he pleads on documents that were produced in the EdgeLink litigation on the day that the District Court granted summary judgment in that case. But contrary to Fink's contentions here, it is clear that the District Court considered those documents when ruling on the motion for reconsideration that Fink filed in the EdgeLink litigation challenging the grant of summary judgment. As a consequence, Fink has not pleaded any new facts in support of his claims in this case.

to any successor liability or asset transfers, and we affirmed that decision.  The fraudulent concealment of evidence that Fink attempts to describe in his allegations here is based on the facts concerning the fraudulent concealment of asset transfers.  Fink was therefore precluded from raising that issue again in a new lawsuit.[4]

To the extent Fink attempted to plead anything new in this case that was not controlled by a previously decided issue, those new allegations do not state a claim upon which relief can be granted.  Fink's additional allegations are the sort of vague, the defendant-harmed-me allegations which failed to meet federal pleading requirements in Iqbal.  See 556 U.S. at 678.  As Fink concedes, "the changes made to the First Amended Complaint mostly addressed claims that were amended in response to issues raised [by two appellees], not an effort to add more facts."  Appellant's Informal Brief at 23.  The problem, of course, is that more facts are exactly what was needed.  Substantially for the reasons that the District Court set out, Fink failed to plead any facts that, if believed and taking all inferences therefrom in Fink's favor, could set out the materiality and intent elements of a fraudulent concealment case.  See Williams v. BASF Catalysts LLC, 765 F.3d 306, 320-21 (3d Cir. 2014) (citing Rosenblit v. Zimmerman, 766 A.2d 749, 754 (N.J. 2001) (setting out elements of fraudulent concealment)).

---

[4] Relatedly, Fink is wrong that he pleads new facts about the non-parties to the EdgeLink litigation that he has sued in this case.  See, e.g., Show Cause Hr'g Tr., Aug. 14, 2014 at 24:22-25 ("It's certainly the case that both GE Betz and ADT were previously discussed both in my opinion and the record and then before the Circuit."), D. Ct. Doc. No. 54; Fink v. EdgeLink, Inc., 553 F. App'x at 192 (mentioning contracts with customers including ADT); Fink v. EdgeLink, Inc., 2012 WL 1044312 at *5 and *5 n.14 (same).

For example, Fink has pleaded that he believes the defendants withheld documents or evidence from him, but he did not plead facts to sufficiently allege that such evidence would have made any difference in the EdgeLink litigation. And that failure is especially significant given that Fink must plead fraud with particularity. See Fed. R. Civ. P. 9(b) ("a party must state with particularity the circumstances constituting fraud or mistake"); Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004) (explaining that the circumstances of a fraud must be stated with sufficient particularity to put a defendant on notice of the "precise misconduct with which [it is] charged"). Based on the conclusory allegations in Fink's complaints, the District Court was correct to dismiss his case.

For the above reasons, we also agree that granting Fink leave to file the second amended complaint would have been futile; thus, the District Court did not abuse its discretion by dismissing the case with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

In light of the foregoing, we will affirm the District Court's judgment.