**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3572
_____

JOHN W. FINK,
                              Appellant

v.

UNITED STATES OF AMERICA;
J. PHILIP KIRCHNER; FLASTER GREENBERG P.C.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-19-cv-09374)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2021

Before:  AMBRO, PORTER and SCIRICA, Circuit Judges

(Opinion filed: October 1, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

John W. Fink appeals from the District Court's denial of what we construe as a motion for relief under Fed. R. Civ. P. 60(b). We will affirm.

I.

Fink has filed numerous actions relating to an investment that he made in Advanced Logic Systems, Inc. After losing two of them, see Fink v. EdgeLink, Inc., 553 F. App'x 189 (3d Cir. 2014), Fink immediately filed a third attributing that loss to fraud on the court. The District Court dismissed that action on res judicata grounds, and we affirmed. See Fink v. Bishop, 641 F. App'x 134 (3d Cir. 2016).

This case follows the same pattern. While the above-referenced litigation was still pending, Fink filed a separate malpractice suit against a lawyer and law firm who represented him in related litigation. The District Court, through the Honorable Noel L. Hillman, entered summary judgment for the defendants. We affirmed, and the United States Supreme Court denied certiorari. See Fink v. Kirchner, 731 F. App'x 157 (3d Cir.), cert. denied, — U.S. —, 139 S. Ct. 598 (2018).

Fink then filed the civil action at issue here alleging that his loss in the malpractice case was caused by fraud. He named the same lawyer and law firm as defendants along with the United States, from which he sought recovery for fraud allegedly committed by

2

Judge Hillman and by the judges of our Court.[1]  Among the relief he requested was an order reversing the judgment in the malpractice case and "remanding" it for trial.

The District Court, through the Honorable Kevin McNulty, sua sponte dismissed Fink's claims against the United States on the grounds that (1) he failed to exhaust any claim under the Federal Tort Claims Act, and (2) his claims regarding the judicial defendants were barred by judicial immunity.  The lawyer defendants later filed a motion to dismiss Fink's amended complaint under Fed. R. Civ. P. 12(b)(6), and Fink responded with a "cross-motion to void" two of Judge Hillman's orders in the malpractice case. Judge McNulty granted defendants' motions, denied Fink's motion, and dismissed his amended complaint with prejudice on res judicata grounds.

Fink then filed a timely motion for reconsideration under Fed. R. Civ. P. 59(e). He also filed a "motion to declare void" Judge McNulty's order of dismissal in this case and Judge Hillman's orders in the malpractice case.  Judge McNulty denied those motions by order entered June 16, 2020.  Any appeal from that ruling and the underlying order of dismissal was due by August 17, 2020 (August 15 being a Saturday).  See Fed. R. App. P. 4(a)(1)(B), 4(a)(4)(A).  Fink did not file a notice of appeal within that time.

---

[1] Fink's allegations of "fraud" on the part of the judicial defendant consisted largely of complaints that Judge Hillman's rulings exhibited "favoritism" and that both Judge Hillman and our Court misapplied the summary judgment standard and failed to address various issues.

Instead, Fink filed what he called an "amended motion to declare void" the same District Court orders. He also filed a motion asking Judge McNulty to recuse himself. Judge McNulty denied both motions by order entered November 24, 2020. He reasoned, inter alia, that Fink had merely repeated the same arguments as before. Fink appeals.[2]

## II.

Fink states in his notice of appeal that he is challenging Judge McNulty's orders: (1) dismissing his complaint and denying his cross-motion; (2) denying his motion for reconsideration of that ruling and his initial "motion to declare void"; and (3) denying his motion for recusal and his "amended motion to declare void." Fink's notice of appeal, however, is untimely as to the first two of those orders. And although his Rule 59(e) motion tolled the time to appeal Judge McNulty's underlying order of dismissal until he denied that motion, Fink's subsequent amended motion to declare void did not further toll the time to appeal. See Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984); Fed. R. App. P. 4(a)(4)(A)(vi). Thus, this appeal is timely only as to the order denying Fink's amended motion to declare void and his related recusal motion.

We construe Fink's amended motion to declare void, and refer to it hereafter, as a Rule 60(b) motion.[3] Fink's appeal from the denial of that motion does not bring up for

---

[2] Fink also filed another related civil action, which the District Court recently dismissed. Fink has appealed that ruling at C.A. No. 21-2651. No party has moved to consolidate the appeals, and C.A. No. 21-2651 will proceed separately.

[3] Fink invoked Rule 60(b)(4) and (d) below and does the same on appeal. Judge McNulty appears to have treated this motion as a serial Rule 59(e) motion. Our ruling

4

review the underlying order dismissing his complaint and denying his cross-motion. See Torres v. Chater, 125 F.3d 166, 167 (3d Cir. 1997). Thus, we review only the denial of Fink's Rule 60(b) motion and his related motion for recusal. We have jurisdiction under 28 U.S.C. § 1291 to that extent. See id.[4] We review the denial of Fink's Rule 60(b) motion for abuse of discretion but exercise plenary review to the extent that he sought relief under Rule 60(b)(4). See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008). We review the denial of Fink's recusal motion for abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

### III.

Fink raises essentially three arguments on appeal. None has merit. First, Fink argues that Judge McNulty's prior rulings revealed bias that required him to recuse himself from deciding the Rule 60(b) motion. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Fink has raised nothing suggesting that the result should be any different here.

Second, Fink argues that Judge McNulty erred in dismissing his complaint and denying his cross-motion. As explained above, however, our jurisdiction does not extend

---

would be the same if we treated Fink's motion the same way.

[4] For this reason, we rejected defendants' argument in their brief that we should dismiss this appeal in its entirety.

to those underlying rulings. To the extent Fink argues that Judge McNulty should have granted relief from those rulings under Rule 60(b), we discern no error. As Judge McNulty recognized, Fink's Rule 60(b) motion raised nothing new. Instead, Fink's Rule 60(b) motion merely repeated arguments that Judge McNulty had rejected twice before and that Fink could have raised on appeal. That is not a proper basis for a Rule 60(b) motion. See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (addressing Rule 60(b) generally); Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999) (same); Marshall v. Bd. of Educ., 575 F.2d 417, 422 (3d Cir. 1978) (addressing Rule 60(b)(4)).

Finally, Fink argues that Judge McNulty should have vacated Judge Hillman's judgment in the malpractice case. Fink has provided no basis for seeking that relief by way of a Rule 60(b) motion in this separate case. Fink relied on Rule 60(d), which preserves certain independent actions for relief from a judgment. See, e.g., United States v. Beggerly, 524 U.S. 38, 44-46 (1998) (addressing prior version of Rule 60(b)). To the same extent, however, the relief that Fink requested in his Rule 60(b) motion was coextensive with relief that he requested in his complaint and cross-motion. As explained above, our jurisdiction does not extend to the dismissal of Fink's complaint and denial of his cross-motion, and Fink's Rule 60(b) motion did not assert any valid ground for relief from those rulings.

In so holding, we do not suggest that the outcome would have been any different if Fink had directly appealed those rulings. Judge McNulty reasoned that Fink sought

6

merely to relitigate matters that he raised or could have raised during the malpractice case and on appeal therefrom. These principles apply in independent actions preserved by Rule 60(d). See Geo. P. Reintjes Co. v. Riley Stoker Corp., 71 F.3d 44, 49 (1st Cir. 1995). Relitigation is all that Fink sought here, and his allegations did not otherwise state a basis to disturb the judgment in his malpractice case.[5] Nevertheless, because Fink has not timely appealed the underlying dismissal of his complaint and denial of his cross-motion, we do not directly reach those rulings.

IV.

For these reasons, we will affirm the judgment of the District Court denying Fink's Rule 60(b) motion. Fink's motion for leave to file a supplemental appendix is granted. Fink's motion for an order directing the District Court to provide more explanation in support of its rulings is denied.

---

[5] Fink did not base his allegations of fraud on anything he discovered after the malpractice case concluded. To the contrary, he took issue generally with the manner in which the lawyer defendants defended the malpractice case and the manner in which the judicial defendants decided it. Most of these allegations did not state any form of fraud. See In re Bressman, 874 F.3d 142, 150 (3d Cir. 2017). The only one that might have done so is Fink's allegation that, during the malpractice case, the lawyer defendants produced an altered version of an email to which he refers as P-86. As Fink's own allegations show, however, he repeatedly raised that issue before the District Court in the malpractice case and before this Court on appeal. (Am. Compl., ECF No. 7, at ¶¶ 126-28, 159, 161, 178.) An independent action is not a proper vehicle for doing so again. Fink also has not alleged whether or how the alleged alteration of P-86 influenced the rulings against him. Nor has Fink otherwise alleged the kind of "grave miscarriage of justice" for which independent actions are reserved. Beggerly, 524 U.S. at 47.

7